Dear Mr. Mitchell:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Whether a resolution by the Ouachita Parish Police Jury (OPPJ) can abolish the Cheniere Lake Commission which the OPPJ established by ordinance?
 2) If the Cheniere Lake Commission has not been abolished, how many members should be on the commission?
 3) Whether a member of the OPPJ can also serve on the Cheniere Lake Commission without violating the Code of Governmental Ethics?
 4) What is the proper procedure for abolishing the Cheniere Lake Commission?
These questions are answered by LSA-Constitution Art. 6, § 7(a) which states:
 Section 7. (A) Powers and Functions. Subject to and not inconsistent with this constitution, the governing authority of a local governmental subdivision which has no home rule charter or plan of government may exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by its charter or by general law, if a majority of the electors voting in an election held for that purpose vote in favor of the proposition that the governing authority may exercise such general powers. Otherwise, the local governmental subdivision shall have the powers authorized by this constitution or by law. (Emphasis added).
According to the preceding constitutional provision, the creation of the Cheniere Lake Commission must have been approved by the electors of Ouachita Parish or the power to appoint the commission must have been authorized by the Louisiana Constitution or by some other law. A review of the Louisiana Constitution of 1974 reveals no authority has been given for the appointment of the Cheniere Lake Commission by the Ouachita Parish Police Jury. The Louisiana Supreme Court addressed the issue of the powers of a police jury in Rollins Environmental Services ofLouisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La. 1979) by stating, "A police jury in this State is a creature and subordinate political subdivision of the State and as such only possesses those powers conferred by the state's constitution and statutes."
Additionally, LSA-R.S. 33:1236 is the statute which specifically sets out the powers of parish governing authorities. Section 1236 is extensive and delineates many powers given to parish governing authorities and police juries. Again, no authority is given to the Ouachita Parish Police Jury to create the Cheniere Lake Commission.
This office has previously addressed a similar situation in Attorney General Opinion No. 90-11 when it was opined that a police jury cannot delegate its sovereign power given to it by the legislature. This opinion went on to state that the delegating of power like that given to the Cheniere Lake Commission constitutes an ultra vires act by the police jury and is unauthorized.
In summary, the commission was never lawfully established and any acts by the commission are ultra vires. The only ways to properly establish the commission are by constitutional amendment, a specific legislative enactment or by a majority vote of the electors of Ouachita Parish. None of these actions occurred in this case.
We trust this sufficiently answers your questions. However, if you should need anything further, do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ Frances J. Pitman Assistant Attorney General
CCF, Jr.:FJP:sc